UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT PIKEVILLE

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, ) | |
| ) | |
|     Plaintiff, ) | Civil Action No. 7: 06-34-DCR |
| ) | |
| V. ) | |
| ) | |
| MISTY MOUNTAIN MINING, INC., ) | |
| MIDGARD MINING CO., LLC AND ) | **MEMORANDUM OPINION** |
| STANLEY OSBORNE, Individually, ) | **AND ORDER** |
| ) | |
|     Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the parties' briefs regarding standing and jurisdiction. Specifically, the Defendants had answered the Plaintiff's complaint and have argued that the Secretary of Labor lacks standing to prosecute this action, and that the Court does not have jurisdiction to grant the relief sought. Because the Court has determined that the Secretary has standing to bring suit and may order at least some of the relief requested, the Court concludes that it has jurisdiction to hear this case.

**ANALYSIS**

The Defendants characterize the Secretary's suit as one asking the Court to issue an injunction "ordering Defendants to post a bond to secure payment of [penalties assessed by the Federal Mine Safety and Health Review Commission] entered in the future." [Record No. 12, pg. 1] They assert that the Court does not have jurisdiction over this action because the Mine Safety and Health Act ("the Mine Act"), 30 U.S.C. §801, does not authorize the Secretary to

pursue this type of relief. Even if it did, they assert that this Court could not enter an injunction "securing payment of an order or judgment in a separate action." [Record No. 12, pg. 2] Lastly, the Defendants complain that even if the Court had this power, it could not issue the requested injunctive relief against Osborne personally because only once has he been adjudged an "operator", and he was not a party to any previous health or safety violations assessed against Misty or Midgard. [Record No. 12, pg. 13]

The Defendants have not addressed the Secretary's other allegations. These include allegations that in the years 2003-2005 Misty Mountain and Midgard (both defendants in this action) have been assessed over $70,000 in unpaid civil penalties for violations of the Mine Act. [Record No. 1, ¶ 8-13] The Defendants apparently concede that the Secretary may seek some form of injunctive relief under the Mine Act against Misty Mountain and Midgard. The Secretary argues that, at a minimum, she has standing to bring this action against Misty Mountain and Midgard. Under the terms of the Mining Act, she could pursue injunctive relief against those defendants under either § 801(a)(1) or (a)(2), as she has alleged that Misty Mountain and Midgard have repeatedly violated terms of the Mine Act. *Id.*

To the extent that Defendant Osborne contests the availability of injunctive relief against him individually, the Secretary argues that the limited focus on Osborne's individual liability and reliance on *DeBeers Consol. Mines, Ltd. v. United States*, 325 U.S. 212 (1945) is more properly the subject of a motion for summary judgment, and is outside the limited scope of briefing previously ordered. [Record No. 17, pg. 2]

The Mine Act establishes that the Secretaries of Labor and Health and Human Services shall have as their first priority the safety of miners in regulating the conduct and conditions of coal and other types of mines in this country. To that end, §818 provides the civil measures which the Secretary may pursue in furthering that priority. This statutory section also determines the jurisdiction the Court may exercise. In addition, it provides special rules of evidence in considering decisions of the Secretary or the Federal Mine Safety and Health Review Commission ("Commission").

Specifically, § 818 provides the Secretary broad power to institute "a civil action for relief, including a permanent or temporary injunction, restraining order *or any other appropriate order . . .*" However, the Mine Act limits this rather broad delegation of power by limiting the conditions under which the Secretary may exercise this authority. The Mine Act allows the Secretary to institute a civil action only where the "operator or his agent":

> (A) violates or fails or refuses to comply with any order or decision issued under this Act,
>
> (B) interferes with, hinders, or delays the Secretary or his authorized representative, or the Secretary of Health, Education, and Welfare [Secretary of Health and Human Services] or his authorized representative, in carrying out the provisions of this Act,
>
> (C) refuses to admit such representatives to the coal or other mine,
>
> (D) refuses to permit the inspection of the coal or other mine, or the investigation of an accident or occupational disease occurring in, or connected with, such mine,
>
> (E) refuses to furnish any information or report requested by the Secretary or the [Secretary of Health and Human Services] in furtherance of the provisions of this Act, or

>(F) refuses to permit access to, and copying of, such records as the Secretary or the [Secretary of Health and Human Services] determines necessary in carrying out the provisions of this Act.

30 U.S.C. § 818(a)(1).  Absent one of these conditions being met, the Secretary may only institute a civil action where

>the Secretary believes that the operator of a coal or other mine is engaged in a pattern of violation of the mandatory health or safety standards of this Act, which in the judgment of the Secretary constitutes a continuing hazard to the health or safety of miners.

30 U.S.C. § 818(a)(2).

Although § 818(a)(2) might normally be read as a catch-all or elastic clause, the language of subparagraph (b) demonstrates a clear Congressional distinction.  While the Court may only provide "such relief as may be appropriate" for violations under subparagraph (a), if the Secretary demonstrates a "pattern of violations" which the Secretary believes "constitutes a continuing hazard to the health or safety of miners", the Court

>*shall* in its order require such *assurance or affirmative steps* as it deems necessary to assure itself that the protection afforded to miners under this Act shall be provided by the operator.

30 U.S.C. § 818(b) (emphasis added).  This language of "assurance or affirmative steps" demonstrates a clear intent that the Court may order more prospective relief for violations under (a)(2) than under (a)(1).

Read together, § 818 clearly defines the types of actions and relief which the Secretary may seek, and the jurisdiction this Court has to issue the appropriate orders to ensure the relief granted.  At this stage in the proceedings, the Court is only seeking to determine whether the Secretary has standing to pursue the present action and, if successful, whether the Court has

jurisdiction to reward the type of relief sought. This determination does not substitute for later proceedings; instead, it is only to determine whether discovery could potentially produce evidence under which the Secretary may be able to obtain any of the relief sought against Osborne, Misty Mountains, and Midgard.

The Court is persuaded that the Secretary has standing to bring this action in this Court. Congress may create or convey standing by virtue of statutory enactment. *See e.g. Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559; *Warth v. Seldin*, 422 U.S. 490, 500. ("Congress may create an express right of action to persons who otherwise would be barred by prudential standing rules.") Here, Congress has granted the Secretary of Labor standing to pursue civil actions for a number of enumerated violations, listed in § 818(a)(1). However, Congress has also granted the Secretary standing to institute a civil action "whenever the Secretary believes that the operator . . . is engaged in a continuing pattern of violat[ions]." 30 U.S.C. § 818(a)(2). This language does not appear to require that the operator have been previously adjudged guilty of any violation. Instead, this grant of standing appears to be based entirely on the Secretary's good-faith belief that a suspected continuing pattern of violations is being committed by one she believes to be an operator.

The Defendants' arguments as to Osborne's status, or his ineligibility to be classified as an "operator", would be appropriate at a later stage of the proceeding, but they are premature at this time. There is no dispute that Osborne has been previously adjudged an "operator" in an action before an Administrative Law Judge ("ALJ") of the Commission. [Record No. 17, Ex. 1] ("Thus, Misty Mountain Mining and Stanley Osborne, as the 'real operator' of the mine . . .")

And while the Defendants may be correct that Osborne was not a party to the prior litigation from which the outstanding fines have accrued, in discovery, the Secretary may obtain evidence which would allow her to argue a "piercing the corporate veil" basis for personal liability of Osborne. If, however, no such evidence is presented, summary judgment may be appropriate. At this point in the proceeding, the Court cannot make this determination.

Even if the Court does not have the authority to order the Defendants to post a bond to secure payments in some speculative future case, § 818(b) grants the Court the authority to require "such assurance or affirmative steps as it deems necessary" to assure compliance with the Mine Act. Theoretically, the Court could issue an injunction against Osborne forbidding any violation of the Mine Act by any company under his control, subject to a contempt sanction. While this would not require a posting of a bond (the action to which the defendant objects), it would provide the Secretary substantially similar relief as she seeks, and would arguably be within the Court's jurisdiction as granted by Congress in § 818(b).

**CONCLUSION**

The Court is satisfied that the Secretary has standing to bring this action and that it has jurisdiction over the Defendants. Because the parties are already engaged in limited discovery regarding Osborne's status as an operator, that discovery may continue. If expansion of the scope of discovery is necessary, that request should be filed with the Court. According, for the reasons discussed herein, it is hereby **ORDERED** that the Secretary shall have forty-five (45) days following the close of discovery to submit a brief on the merits of her request for permanent injunction. The Local Rules shall govern the time for the filing of response and reply briefs. In

the event oral arguments would be of assistance in resolving this matter, either party may make an appropriate request for such prior to the close of the briefing period.

This 23rd day of June, 2006.

Signed By:
*Danny C. Reeves* DCR
United States District Judge